Jacque **BUNTING**, as Personal Representative of the Estate of Harold Dierich, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

No. A85–665 Civil.

United States District Court, D. Alaska.

July 2, 1987.

Lewis F. Gordon, Baily & Mason, Anchorage, Alaska, for plaintiff.

Mark A. Rosenbaum, Asst. U.S. Atty., Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

This matter is before the court on the parties' cross-motions for partial summary judgment. Both parties seek a determination of the standard of care to be applied in this case. The facts relevant to this determination are not in dispute.

Harold Dierich, Jr., plaintiff's deceased, was the pilot of a plane that crashed in Narrow Strait, near Kodiak, on July 21, 1984. A Coast Guard helicopter rescued him about an hour and a half later and carried him to the Coast Guard dispensary at Kodiak. The dispensary is a facility that exists primarily for the treatment of Coast Guard personnel. Upon arrival at the dispensary Mr. Dierich appeared to be suffering from severe hypothermia. After about ninety minutes of treatment at the dispensary, he was transported by ambulance to Kodiak Island Hospital. He went into cardiac arrest in the ambulance and subsequently died at the hospital.

Count I of the Second Amended Complaint alleges that the treatment at the dispensary was negligent, and that the handling of transport to a more capable facility was likewise negligent. Count II alleges that these operations were handled in a grossly negligent manner. The alleged torts took place on land. This action has been brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*[1]

The Tort Claims Act renders the government liable "in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 2674. The court therefore must look to state tort law to determine the standard of care applicable to the Coast Guard's actions.

At common law there normally was no duty to render emergency aid, but one who voluntarily undertook such aid was held to a standard of ordinary care. To reduce the risk of liability for such a vol-

---

1. Because no maritime tort has been alleged, this action is unlike many suits arising out of Coast Guard rescues. It is not covered by the Suits in Admiralty Act, 46 U.S.C. § 741 *et seq.* (*cf.* 28 U.S.C. § 2680(d)), and the federal common law of maritime torts does not apply. *See Patentas v. United States,* 687 F.2d 707, 713 (3d Cir.1982).

unteer, Alaska has adopted a "good Samaritan" statute, A.S. 09.65.090, which reads:

**Civil liability for emergency aid.** (a) A person at a hospital or any other location who renders emergency care or emergency counseling to an injured, ill, or emotionally distraught person who reasonably appears to the person rendering the aid to be in immediate need of emergency aid in order to avoid serious harm or death is not liable for civil damages as a result of an act or omission in rendering emergency aid.

(b) This section does not preclude liability for civil damages as a result of gross negligence or reckless or intentional misconduct.

The Supreme Court of Alaska has held that the partial immunity granted by this statute applies only to persons who had no pre-existing duty to render aid. *Lee v. State*, 490 P.2d 1206, 1209 (Alaska 1971) (good Samaritan statute did not shield police officer who shot child while rescuing child from lioness, because officer had legal duty to attempt rescue), *overruled on other grounds*, 545 P.2d 165 (Alaska 1976).

The chief question presented by this case is whether the Coast Guard had a pre-existing duty to go to Mr. Dierich's aid. Plaintiff relies again on *Lee v. State*, analogizing the position of the Coast Guard to that of the policeman in *Lee*. The Alaska Supreme Court found that the policeman had a state common law duty to rescue growing out custom and public expectation. *Id.* at 1209–10. The court also suggested that such a duty might be drawn from certain state statutes relating to the Department of Public Safety. *Id.*

■ Reliance on *Lee* is misplaced in this context. The question whether the Coast Guard has a duty to render aid is not a question of state law; state law controls only the question whether the Coast Guard may be liable if such a duty exists but has been carried out in a negligent manner. Federal statutes, notably 14 U.S.C. §§ 2 and 88, establish the activities that the Coast Guard is required to perform. While the issue has not been decided in this circuit, out-of-circuit authority uniformly holds that the Coast Guard has no legal duty to render aid to persons in distress. *E.g., Frank v. United States*, 250 F.2d 178 (3d Cir.1957), *cert. denied*, 356 U.S. 962, 78 S.Ct. 1000, 2 L.Ed.2d 1069 (1958); *Kurowsky v. United States*, 660 F.Supp. 442, 1987 A.M.C. 781, 792 (S.D.N.Y.1986); *Daley v. United States*, 499 F.Supp. 1005, 1009 (D.Mass.1980); *Mazullo v. United States*, 1980 A.M.C. 1038, 1044–47 (D.D.C.1979) (citing many cases). This court agrees.

Plaintiff observes that many of these cases have gone on to hold that if the Coast Guard does elect to undertake a rescue, its subsequent conduct will, at least in certain circumstances, be judged by a standard of ordinary care. *E.g., Kurowsky, supra; Daley, supra*, 499 F.Supp. at 1010; *United States v. DeVane*, 306 F.2d 182, 186 (5th Cir.1962). But these cases were decided under traditional common law principles, in the absence of a protective good Samaritan statute.

■ By statute, Alaska has partially immunized the conduct of one who, voluntarily and without prior obligation, renders emergency aid. The Coast Guard had no legal obligation to go to Mr. Dierich's aid. The court cannot hold the Coast Guard to a higher standard of care than would be applied to a private individual under like circumstances. 28 U.S.C. § 2674. Here the position of the Coast Guard is analogous to that of a private company operating a helicopter service and a clinic for its employees. If such a company rescued a downed pilot and brought him to the employee clinic for emergency treatment, the company's liability would be limited to gross negligence or reckless or intentional misconduct. Because the Coast Guard's conduct must be judged on the same basis, the count of plaintiff's complaint based on ordinary negligence must be dismissed.

Accordingly, IT IS ORDERED:

(1) THAT defendant's motion for partial summary judgment (Docket No. 47) is granted;

(2) THAT Count I of plaintiff's Second Amended Complaint is dismissed;

(3) THAT plaintiff's motion for partial summary judgment (Docket No. 64) is denied.